## Case No. 18,197.
### YZNAGA et al. v. REDFIELD.
[4 Blatchf. 469; [1] 17 Leg. Int. 357.]

Circuit Court, S. D. New York. Oct. 29, 1860.

#### DUTIES ON IMPORTS—UNDERVALUATION.

1. Where a valuation of molasses in casks, in an invoice, is correct, but the quantity stated in the invoice is less than the actual quantity found on gauging, the case is not one for the imposition of a penalty for undervaluation, under section 8 of the act of July 30, 1846 (9 Stat. 43).

2. Where an invoice of molasses in casks does not specify the number of gallons, the case is one of undervaluation, and the penalty may properly be imposed.

This was an action [by Antonio Yznaga and others] against [Heman J. Redfield] the collector of the port of New York to recover back a penalty of twenty per cent. imposed, for undervaluation, upon a cargo of molasses and sugar, imported from Cuba into that port.

Almon W. Griswold, for plaintiffs.

Benjamin F. Dunning, Asst. Dist. Atty., for defendant.

NELSON, Circuit Justice. Upon gauging some of the casks in this case, a greater number of gallons of molasses was found in them than was mentioned in the invoice, so that an excess was reported by the gauger and appraisers. The valuation of the article in the invoice was correct, but the quantity stated in the invoice was less than the quantity found in the casks. The case did not fall within the 8th section of the act of July 30, 1846 (9 Stat. 43). That section is confined to the enhancement by the appraisers of the value of the goods in the foreign market at the time of exportation, to the amount of ten per cent. above the invoice value. The increase of the quantity is otherwise provided for. In this instance, the gauging corrected the error. The application of the penalty must not be extended by a strained construction. I think that the plaintiff is entitled to recover back the $520, with interest from the time it was paid.

As to the other casks, in respect to which the number of gallons contained in them was not specified in the invoice, the penalty was properly imposed. The case was one strictly of undervaluation, not of excess of quantity found by the gauger or appraisers. The general understanding, that a hogshead contains one hundred and ten gallons, when the quantity is not stated, is too indefinite to be relied on to change the result of this construction.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]